UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Bridget Kaye,                                              Case Number:  18cv897 (JRT/SER)

                      Plaintiff,

v.                                                    **NOTICE OF PRETRIAL**
                                                             **SCHEDULING CONFERENCE**

Experian Information Solutions, Inc.,

                      Defendant.
_____

      Andrew C. Walker and Bennett Hartz, Curtis Walker Attorney at Law, 4356 Nicollet Avenue South, Minneapolis, MN 55409

      Christopher Adam Hall and Scott Quellhorst, Jones Day, 77 West Wacker, Suite 3500, Chicago, IL 60601

      Gregory J. Myers, Lockridge, Grindal, Nauen, PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401
_____

      If counsel for all parties are not listed above, it is the responsibility of counsel for plaintiff to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

      Failure of any party or counsel to comply with any part of this Order, **including emailing a copy of the Rule 26(f) Report and confidential settlement letter to Magistrate Judge Rau by the date specified in this Order**, may result in the postponement of the pretrial conference, an imposition of an appropriate sanction on the party, company or attorney who failed to comply, or both. In addition to emailing the Rule 26(f) Report and confidential settlement letter, **parties are also required to complete the chart at the end of this notice with their agreed upon dates and email one version of it to chambers one week before the Pretrial Scheduling Conference.** A Microsoft Word version of the chart can be found at

http://www.mnd.uscourts.gov/Judges/rau.shtml.

I.      DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel in the above matter will be held in chambers in Room 348, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, on **June 5, 2018 at 2:00 p.m.** before United States Magistrate Judge Steven E. Rau to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

Counsel who will be trying the case should make every effort to be present at the conference.  If this is not possible, substitute counsel should attend who can knowledgeably discuss the dispute and the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

II.     MEETING, REPORTS AND DISCLOSURES REQUIRED

A.      Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall confer in person or by telephone to discuss (a) settlement, and (b) to prepare the report required by Rule 26(f) and Local Rule 16.2.

B.      If the case does not settle, no later than **seven days before the date of the conference**, counsel shall jointly prepare and file with the Clerk of Court on ECF ("Electronic Case Filing") a complete written report of the Rule 26(f) meeting.  **A copy of the 26(f) Report and the confidential settlement letter shall be emailed to rau_chambers@mnd.uscourts.gov**. The Report shall contain the following information:

1.  **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    a.  The date and place at which the meeting was held;

    b.  Name, address and occupation or business of each party, together with the

        name, address and telephone number of the attorneys who represented each party at the meeting;

    c.    Name of insurance carriers that may be liable for the defense or payment of any damage award; and

    d.    An agenda of matters to be discussed at the Pretrial Conference.

**2.**    **Description of the Case**

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

    c.    A summary itemization of the dollar amount of each element of the alleged damages.

**3.**    **Pleadings**

    a.    A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

    b.    The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed; and

    c.    Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**4.**    **Discovery Plan** (If the parties are unable to agree on a discovery plan, the Report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive or might lead to early settlement discussions, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery, and any other matters counsel may agree upon to control litigation costs and delay. In addition, the plan shall provide the following information:

    a.    Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed. (**Note:** Unless otherwise agreed by counsel, the initial disclosures under Rule 26(a)(1) shall be exchanged no later than 14 days from the Rule 26(f) meeting);

    b.    Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery

        is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate. In addition, state the proposed method of alternative dispute resolution;

c. Whether discovery should be conducted in phases (e.g., to first discover information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues;

d. How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

e. How the parties propose handling claims of privilege and protection of trial preparation material;

f. How the parties propose handling the protection of confidential information;

g. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts;

h. Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any;

i. The number of interrogatories each party shall be permitted to serve, including subparts;

j. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

k. The number of expert depositions each party shall be permitted to take.

5. **Close of Fact and Expert Discovery and Non-Dispositive Motions**

a. The date by which all fact discovery shall be completed;

b. The date by which all expert discovery, including expert depositions, shall be completed;

c. The date by which any independent medical examination shall be completed and the report served on the opposing party; and

d. The date by which all non-dispositive motions shall be served, filed and heard by the Court.

  **6.**  **Dispositive Motions and Trial**

    a.  Date by which all dispositive motions shall be served, filed and heard by the Court;

    b.  Date by which case will be ready for trial;

    c.  The number of expert witnesses each party expects to call at trial; and

    d.  Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable).

  C.  Each party shall also submit a letter to Magistrate Judge Rau concerning settlement which shall remain confidential between the Court and that party.  This confidential letter shall describe the following information:  (a) the status of settlement discussions to date; (b) whether you are interested in participating in a voluntary settlement conference with the Magistrate Judge; (c) if you are interested in participating in a voluntary settlement conference with the Magistrate Judge, when you believe this settlement conference should take place.  **The confidential letter shall be emailed (rau_chambers@mnd.uscourts.gov) to Magistrate Judge Rau's chambers no later than seven days before the date of the conference.**

  D.  **Rule 7.1 Disclosure, If Applicable.** Any party that is required to file a disclosure statement under Rule 7.1, must ensure that it properly filed.  As Rule 7.1 provides, a nongovernmental corporate party must file a disclosure statement that (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock or (2) states that there is no such corporation. This disclosure statement must be filed with its first appearance, pleading, petition, motion, response, or other request addressed to the Court and promptly file a supplemental statement if any required information changes.

**III.**  **ADDITIONAL REQUIREMENTS FOR PATENT CASES**

  The Pretrial Scheduling Conference for all patent cases will be conducted on the record in

Courtroom 3C. In addition to the topics identified in Fed. R. of Civ. P. 16(a) and 16(c)(2), the Court expects the parties to jointly prepare and provide the Court with a thirty (30) minute tutorial on the technology involved in the patent(s) in suit. The parties are also ordered to be prepared to discuss substantively the following issues:

1. The specific contours of any protective order needed;
2. Parallel litigation, including any anticipated or pending PTO review;
3. Whether either party anticipates filing a motion for a stay;
4. The claim construction and prior art timelines;
5. How claim terms in contention will be winnowed down to a reasonable and manageable number;
6. What subsidiary facts may be in dispute;
7. The specific of and ESI discovery issues;
8. The damages models to be used, *e.g.*, lost profits, reasonable royalties, injunctive relief, apportionment issues for multi-component products; and
9. The timing and means of effective ADR for this particular case.

IV.  **EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)**

If the parties consent to have this matter tried before the Magistrate Judge, **all counsel must jointly sign** the attached form by the date of the pretrial conference. Send the completed form directly to the chambers of Judge John R. Tunheim at the following e-mail address: tunheim_chambers@mnd.uscourts.gov.

Dated: May 2, 2018                                         s/ *Steven E. Rau*
                                                                         Steven E. Rau
                                                                         U.S. Magistrate Judge

# MAGISTRATE JUDGE STEVEN E. RAU
# RULE 16 WORKSHEET

Case No.:

Plaintiff,

v.

Defendants.
.

Type of Case:

Date of meet and confer:

Liable insurance carrier:

|  | *P* | *D* | *Joint* | *Court* |
|---|---|---|---|---|
| ***Pleadings and Disclosure***  If jurisdiction is based on diversity, and any party is an LLC, determine if parties have properly pled citizenship of LLC (based on citizenship of members, and not principal place of business or headquarters). If not, set deadline for addressing issue. |  |  |  |  |
| Pre-discovery disclosures required by Rule26(a)(1) due |  |  |  |  |
| Motions which seek to amend the pleadings to add claims or parties |  |  |  |  |

|  | *P* | *D* | *Joint* | *Court* |
|---|---|---|---|---|
| *Discovery* <br><br> Rule 35 medical examinations to be completed and report delivered to opposing counsel |  |  |  |  |
| The identity of expert witnesses and their reports under Rule 16(a)(2)(A) and (B) for parties that bear the burden of proof must be disclosed and served by this date. |  |  |  |  |
| Rebuttal Experts |  |  |  |  |
| All fact discovery to be completed |  |  |  |  |
| All discovery to be completed, including expert depositions |  |  |  |  |
| *Non-Dispositive Motions* <br><br> Motions shall be served, filed and HEARD |  |  |  |  |
| *Punitive Motion* <br><br> Motions for punitive damages shall be served, filed and HEARD |  |  |  |  |
| *Settlement Conference* <br><br> Plaintiff(s) demand and thoughts re: timing |  |  |  |  |
| Defendant(s) demand and thoughts re: timing |  |  |  |  |
| Settlement conference to be held |  |  |  |  |

|  | *P* | *D* | *Joint* | *Court* |
|---|---|---|---|---|
| *Dispositive Motions*<br><br>Dispositive motions shall be **SERVED and FILED** |  |  |  |  |
| *Trial Date* |  |  |  |  |
| **Jury or Non-Jury Trial** |  |  |  |  |
| Number of Trial days |  |  |  |  |
| *General*<br><br>Number of depositions |  |  |  |  |
| Number of interrogatories (including all subparts) |  |  |  |  |
| Number of document requests |  |  |  |  |
| Number of requests for admission |  |  |  |  |
| Rule 35 medical examination |  |  |  |  |
| Number of expert depositions |  |  |  |  |
| Number of experts at trial |  |  |  |  |
| Agreements re Electronic Discovery (preservation, format of production, privilege and cost-shifting) |  |  |  |  |
| Agreements regarding privileged information |  |  |  |  |
| Agreements regarding Protective Orders |  |  |  |  |
| *ADR/Mediation Requested* |  |  |  |  |